**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DERRICK SANDERS**                                                                           **MOVANT**

**V.**                                                                             **NO. 1:14CR125-MPM**

**UNITED STATES OF AMERICA**                                                         **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Derrick Sanders, an inmate in the custody of the Bureau of Prisons, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. #278. Having considered the pleadings and the record, including the relevant parts of Sanders' underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the § 2255 motion should be denied.

**I
Background Facts and Procedural History**

On March 3, 2015, Sanders entered a guilty plea to a federally-indicted charge of conspiracy to possess with intent to distribute at least 15 kilograms but less than 50 kilograms of cocaine. *See* Docs. #21 & #124. Prior to sentencing, the United States Probation Service prepared a Presentence Investigation Report ("PSR"), and that report noted that Sanders had received a 2003 conviction for conspiracy to possess cocaine with intent to distribute in the

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there are no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

Circuit Court of Lauderdale, Mississippi, and a 2005 conviction for distribution of cocaine in the United States District Court for the Southern District of Mississippi. Doc. #243 at ¶¶ 30, 31. The PSR determined that Sanders' criminal conduct score in the instant case, after adjustment for his acceptance of responsibility, was a 29. Doc. #243 at ¶ 27. Based on Sanders' prior drug-related convictions, he was designated a "career offender" under United States Sentencing Guideline ("U.S.S.G." or "Guidelines") § 4B1.1(b)(4). U.S.S.G. § 4B1.1(b)(4); *see also* Doc. #243 at ¶ 24. This career offender enhancement raised Sanders' Guidelines range from 108-135 months to 151-188 months. *See* Doc. #243 at ¶¶18, 35, 60; *see also* U.S.S.G. § 4B1.1(b) & Ch. 5, Pt. A (Sentencing Table). On October 29, 2015, Sanders was sentenced to 151 months imprisonment and 3 years of supervised release. Doc. #245.

On appeal, Sanders' sentence was affirmed. *See United States v. Sanders*, 668 F. App'x 613, 614 (5th Cir. 2016); *see also* Doc. #274. On or about May 11, 2017, Sanders filed the instant motion, alleging ineffective assistance of counsel and challenging his career offender determination under U.S.S.G. § 4B1.2(b). Doc. #278. The Government has responded, and this matter is ripe for review.

## II
## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set

aside, or correct a sentence under 28 U.S.C. §2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

### III
### Discussion

#### A. Career Offender Designation

A defendant who has at least two prior felony convictions for a crime of violence or a controlled substance offense qualifies as a career offender the Guidelines if the defendant is at least eighteen years old at the time he committed the instant offense of conviction, and the instant offense of conviction is either a felony crime of violence or a felony controlled substance offense. *See* U.S.S. G. § 4B1.1(a). The Guidelines classify a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. 4B1.2. The commentary explains that "controlled substance offense includes the offense[] of . . . conspiring. . . to commit such offense[]." Guideline § 4B1.2 cmt. n. 1.

Sanders' 2005 federal conviction for distribution of cocaine base clearly qualifies as a prior controlled substance offense for purposes of determining Sanders' status as a career offender, and he does not claim error as to his prior federal conviction. However, he claims that his 2003 State conviction for conspiracy to possess cocaine with intent to distribute is no longer a qualifying predicate offense for the career offender enhancement. Specifically, he maintains that the conviction is not countable as a "controlled substance offense" for career offender enhancement purposes, because Mississippi's controlled substances statute criminalizes conduct outside of the Controlled Substances Act. In support of this argument, he cites *United States v. Hinkle*, 832 F. 3d 569 (5th Cir. 20016). In *Hinkle*, the appellate court found the defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under § 4B1.2, because the Texas conviction could have been obtained by an offer to sell, which is conduct broader than that encompassed by the Guidelines definition of a controlled substance offense. *See Hinkle*, 832 F.3d at 576; Doc. #279 at 3, 7.

The Court notes that the crime underlying Sanders' 2003 conspiracy conviction was Miss. Code Ann. § 41-29-139, which states:

> [I]t is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance. . .

Miss. Code Ann. § 41-29-139(a)(1).

Under Mississippi law, "'distribute' means to deliver other than by administering or dispensing a controlled substance," and "deliver" or "delivery" is defined as "actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Miss. Code Ann. § 41-29-105(h) & (l). Mississippi law

4

does not criminalize a mere offer to sell. *See Harris v. United States*, No. 4:13CR38-GHD, 2017 WL 1390671, at *2 (N.D. Miss. Apr. 17, 2017). Rather, the law requires possession of a controlled substance with intent to sell, barter, etc, which qualifies it as a predicate offense under the Guidelines' career offender provision. *See United States v. Olson*, 849 F.3d 230, 232 (5th Cir. 2017) (holding possession of controlled substance with intent to sell, deliver, or distribute it qualifies as a controlled substance offense under § 4B1.1).

Moreover conspiracy to commit a controlled substance offense is explicitly included as a qualifying offense for career offender purposes, as the commentary explains that controlled substance offenses include "conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, cmt. n.1; *see also United States v. Lightbourn*, 115 F.3d 291, 293 (5th Cir. 1997) (noting that "[t]he Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1"). Accordingly, Sanders' 2003 Mississippi conviction for conspiracy to possess cocaine with intent to distribute is a predicate offense for the career offender determination, and this claim is without merit.

### B. Ineffective Assistance of Counsel

Sanders also argues that his trial counsel rendered ineffective assistance in failing to challenge the predicate offenses used to form his career offender status, in objecting to the inclusion of the Mississippi conspiracy offense on the basis of overruled law, and in advising him that he would receive a lesser sentence than his ringleader co-defendants. Doc. #279 at 9-16.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a defendant to show that trial counsel's performance was so deficient that it cannot be

5

said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and that the deficient performance prejudiced his defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (noting ineffective assistance of counsel claims analyzed under *Strickland* framework). The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *See Strickland*, 466 U.S. at 697; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

In order to make the requisite showing of prejudice, a defendant must show that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different. *Glover v. United States*, 531 U.S. 198, 203 (2001) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Absent an affirmative showing of prejudice, there is no merit to a claim of ineffective assistance of counsel. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [the defendant's] right to a fair trial," there is no merit to an ineffective assistance of counsel claim). Therefore, conclusory allegations fail to state an ineffective assistance claim. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.")

Because Sanders' career offender claim is without merit, he cannot sustain an ineffective assistance of counsel claim based on counsel's failure to prevent his classification as a career offender. Counsel cannot be ineffective for failure to raise a meritless claim. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective

6

lawyering; it is the very opposite."). Additionally, insofar as Sanders claims ineffective assistance of counsel solely because he was promised a shorter sentence than his "ringleader" co-defendants, the Court finds that he cannot demonstrate that he was prejudiced by counsel's actions, as he was sentenced at the low end of his Guidelines range.[2] Therefore, Sanders' ineffective assistance of counsel claims are without merit.

## IV
## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Sanders must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. §2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the

---

[2] The Court notes that had he not pleaded guilty, Sanders would not have received a three-point adjustment for acceptance of responsibility, which would have increased the Guidelines range on the offense to which he pleaded guilty to 210-262 months. *See* U.S.S.G. Ch. 5, Pt. A.

7

Court finds that a COA should not issue in this cause.

## V
## Conclusion

For the reasons set forth herein, the instant §2255 motion [278] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. A final judgment consistent with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this 13th day of July, 2017.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**